```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PAUL GULLO

                          Plaintiff,          13-CV-6331

              v.                              ORDER FOR REMAND

BERNARDUS C. BURNS, CONTRANS GROUP, INC.,
CONTRANS FLATBED¹, AND LAIDLAW CARRIERS
FLATBED

                          Defendants,

_____
```

Defendants, filed a notice of removal on July 1, 2013, seeking to remove this pending personal injury action to U.S. District Court from New York State Supreme Court, Monroe County, pursuant to 28 U.S.C. § 1441(b)(1) based upon diversity of citizenship. (Docket No. 1.) This Court finds that Defendants have not satisfied the amount in controversy requirement and therefore, this case is remanded to New York State Supreme Court, Monroe County.

In their removal papers, Defendants assert that based on the nature of plaintiff's serious injuries they believe that the amount in controversy exceeds $75,000. However, neither the removal papers nor the complaint include any of plaintiff's medical records or indicate how defendants have calculated the potential damages

---

[1] In their removal papers Defendants assert that Contrans Flatbed Group GP, Inc., is the proper defendant, that Contrans Flatbed was incorrectly named and Laidlaw Carriers Flatbed, GP Inc. (incorrectly named as Laidlaw Carriers Flatbed) changed its name to Contrans Flatbed Group GP, Inc. immediately prior to the accident that is the subject of this lawsuit.

resulting from plaintiff's injuries. See e.g. Johnson-Kamara v. W. Chacon Trucking, 2006 WL 336041 (S.D.N.Y. February 9, 2006)(explaining that an allegation of "serious injury" under New York's no-fault statute does not satisfy the amount in controversy requirement). It is simply unclear from the record whether plaintiff's injuries and resultant past and future medical expenses will amount to greater than $75,000. Defendants' conclusory assertion to the contrary, without more, is insufficient for this Court to determine whether the amount in controversy requirement is met.

Accordingly, the Court finds that the pleadings and removal papers are insufficient to establish to a reasonably probability what the amount in controversy may be. Because it is the defendants' burden to establish the amount in controversy to a reasonable probability (Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)), and because the Court must construe the removal statutes strictly and resolve ambiguities in favor of remand (see e.g. Boeck v. Pacific Cycle, Inc., 2011 WL 98493, *2 (W.D.N.Y. January 12, 2011), the Court finds that Defendants have not met their burden of proving that this Court has subject matter jurisdiction over this case.

The Court notes that Defendants could have taken advantage of New York Civil Practice Law and Rules Section 3017(c) prior to removal to "request a supplemental demand setting forth the total

damages to which the pleader deems himself entitled," which may have provided proof sufficient to satisfy the amount in controversy requirement. However, Defendants removed this case to federal court prior to requesting any such supplemental demand, and therefore, they are at a disadvantage to proving the amount in controversy to a reasonable probability. See Boeck v. Pacific Cycle, Inc., 2011 WL 98493, *2 (W.D.N.Y. January 12, 2011)(citing cases counseling the defendants to take advantage of N.Y. C.P.L.R. § 3017 prior to filing removal papers). Accordingly, it is hereby,

ORDERED, that Defendants' request to remove this case to federal court is denied; and

FURTHER that the Plaintiff's complaint is dismissed for lack of federal jurisdiction and the Clerk of the Court is directed to remand this case to New York State Supreme Court, Monroe County.

**SO ORDERED.**

                                             S/ MICHAEL A. TELESCA
                                             HON. MICHAEL A. TELESCA
                                             United States District Judge

Dated:   Rochester, New York
         July 3, 2013